# WHEELING.

## PEERCE *v.* ADAMSON.

Submitted June 16, 1882—Decided July 8, 1882.

*(HAYMOND, J., Absent.)

1. Section 35 of Article VIII. of the Constitution does not authorize the setting aside of judgments therein specified and the granting of new trials therein. The judgments must stand until by "due process of law" it is ascertained, that they were rendered because of acts done according to the usages of civilized warfare in the prosecution of the war, and when so ascertained such judgments are nullities.

Writ of error and *supersedeas* to a judgment of the circuit court of the county of Preston, rendered on the 31st day of January, 1878, in an action in said court therein pending, wherein John T. Peerce was plaintiff and William Adamson was defendant, allowed upon the petition of said Adamson.

Hon. John Brannon, judge of the sixth judicial circuit rendered the judgment complained of.

The facts of the case are fully stated in the opinion of the Court.

*Berkshire & Sturgiss,* for plaintiff in error.

*Robert White* and *C. C. Boggess,* for defendant in error.

JOHNSON, PRESIDENT, announced the opinion of the Court:

On the 13th day of October, 1873, John T. Peerce filed his petition under oath, praying for a new trial under the provision of chapter 58 of the Acts of the Legislature of 1872–3. The petition alleges that the petitioner was a citizen of the

*Related to one of the parties.

8

State of West Virginia, and was in the military service of the Confederate States; that the defendant Adamson was also a citizen of said State of West Virginia; that in the prosecution of the late war, in which petitioner participated, said Adamson was by a part of the people of the United States, engaged in war against the United States arrested and imprisoned according to the usages of civilized warfare, for which arrest and imprisonment so made and done, as aforesaid, said Adamson sued petitioner and recovered a judgment against him in the circuit court of Preston county on the 21st of June, 1865, for two thousand dollars damages; that a forthcoming bond was by petitioner executed, and a judgment was rendered against your petitioner and his sureties thereon for the amount of said judgment, interest and costs, on the 19th day of July, 1869, amounting then to two thousand eight hundred and twenty-nine dollars and seventeen cents. He prays, that the judgment may be set aside, and in said cases a new trial be awarded him. On the 14th day of October, 1874, the defendant Adamson appeared and demurred to said petition and at the same time filed his answer thereto and claimed, that the court had no power to set aside the said judgment.

On the 13th day of April, 1877, the court entered the following order, after stating the case and reciting that it was on a petition to set aside a judgment rendered on the 21st day of June, 1865, in favor of William Adamson *v.* John T. Peerce, and to award a new trial under the provision of chapter 58 of the Acts of the Legislature of 1872–3: "This day came the parties by their attorneys, and the court having heard and considered the transcript of the record of said judgment and the evidence and argument of counsel, and being satisfied of the truths of the material allegations of the plaintiff's petition, is of opinion, that the defendant, John T. Peerce, is entitled under the provision of the statute to have the said judgment set aside and a new trial awarded him. It is therefore considered by the court, that the said judgment be set aside and a new trial awarded the defendant thereon."

To this judgment the defendant in said petition obtained from this Court a writ of error and *supersedeas.*

This is a proceeding to set aside an unexecuted judgment and have a new trial granted thereon, after the time, at which the judgment was rendered, had passed, under the provision of chapter 58 of the Acts of 1872–3. The proceeding is justified by section 3 of said act, but we held in *Kitzmiller* v. *Peerce, supra,* that so far as that section provided for setting aside judgments and granting new trials therein, it was not authorized by section 35 of article VIII. of the Constitution. The judgments therein specified must stand, until by "due process of law" it is ascertained, that they were rendered "because of acts done according to the usages of civilized warfare in the prosecution of the war," and when so ascertained such judgments are nullities. For the reasons stated in the opinion in that case the judgment rendered in this case on the 13th day of April, 1877, setting aside the judgment in the petition set forth, rendered on the 21st day of June, 1865, and granting a new trial therein is reversed with costs to the plaintiff in error; and this Court proceeding to render such judgment, as the circuit court should have rendered, the demurrer to the petition is sustained, and the petition is dismissed at the costs of the petitioner, but without prejudice to any rights, either at law or in equity, which the petitioner had, or may have, in reference to the said judgment under section 35 of article VIII. of the Constitution of this State.

JUDGES GREEN AND SNYDER CONCURRED.

JUDGMENT REVERSED.